UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM BRYAN GLASS                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 2:20CV207-TBM-RPM

COMMISSIONER OF
SOCIAL SECURITY                                                                        DEFENDANT

### REPORT AND RECOMMENDATIONS

Before the Court is William Bryan Glass' complaint appealing from the Commissioner of Social Security's decision denying his claim for disability benefits under the Social Security Act. Glass alleges a period of disability beginning February 25, 2017, due to fibromyalgia and rheumatoid arthritis. Doc. [8] at 142-43, 170. The claim was denied initially and on reconsideration. *Id.* at 101-05, 110-18. Plaintiff requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 57-85, 119-20, 122-24.

Plaintiff was 47 years old at the alleged date of onset, with a high school education, and past relevant work as a rig manager. Doc. [8] at 86. In evaluating the Plaintiff's application, the ALJ determined that Plaintiff has not engaged in substantial employment since the alleged onset date of February 25, 2017. *Id.* at 17. He further found that Plaintiff suffered from severe impairments of inflammatory arthritis with residual neck, back and shoulder pain. *Ibid*. As reflected in the ALJ's review of the medical records, Plaintiff has an extensive history of complaints and treatment for pain in his neck, back, spine, hips, shoulders, and extremities. *Id.* at 20-25. The ALJ noted a medical history of fibromyalgia but specifically found that Plaintiff did not meet the criteria for fibromyalgia. *Id.* at 18. Likewise, the ALJ found that Plaintiff did not meet the criteria for any of the listed impairments. *Id.* at 19. The ALJ "considered all

symptoms" and found that Plaintiff retained the RFC to perform light work, with the following additional limitations: Plaintiff can occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs; and occasionally balance, stoop, crouch, kneel, and crawl. *Id.* at 19. Relying on the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform past relevant work as a rig supervisor. *Id.* at 28. Accordingly, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act. *Ibid.*

On March 11, 2020, the ALJ issued an unfavorable decision. *Id.* at 15-28. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-3. Plaintiff then filed the instant complaint. In his brief in support, Plaintiff identifies two points of error in the ALJ's decision: (1) the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence because the ALJ failed to properly evaluate medical opinion evidence; and (2) at Step 2, the ALJ failed to find Plaintiff's fibromyalgia to be a medically determinable impairment. Doc. [10].

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA

must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**<u>Evaluation of Medical Opinion Evidence</u>**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of physical therapist Courtney Roberts and Jason Taylor, M.D.; therefore, the ALJ's RFC determination is not supported by substantial evidence. Whether the ALJ properly evaluated medical opinions and whether substantial evidence supports an RFC determination are legally distinct issues. Under the social security regulations, an ALJ is required to "explain" his persuasiveness finding insofar as "consistency" and "supportability" are concerned. 20 C.F.R. § 404.1520c; 20 C.F.R. § 416.920c. If the Court cannot determine the ALJ's reasons for finding a given medical opinion to be persuasive in the first instance, the Court cannot determine whether that finding is supported by substantial evidence. *Vaughn v. Comm'r of Soc. Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D.Tenn. July 20, 2021). In short, the question of whether an ALJ provided an adequate discussion to allow for meaningful judicial review is a threshold question that is addressed before reaching the issue of substantial evidence. *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6–*7 (S.D.Miss. Sept. 15, 2021).

The Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). Pursuant to 20 C.F.R. § 404.1520c, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)". In other words, ALJs are no longer required to give controlling weight to the opinions of treating physicians. However, before an

ALJ may discount or reject an opinion, he or she must "articulate in [the] determination or decision how persuasive [the ALJ] find[s] *all* of the medical opinions ... in [the claimant's] case record." 20 § 404.1520c(b) (emphasis added); *see Moore v. Saul*, No. 3:20-CV-48-DPJ-MTP, 2021 WL 754833, at *3 (S.D.Miss. Feb. 26, 2021). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. 404.1520c(b)(2).

The ALJ considered Roberts' opinion but found it not persuasive, because it was not supported by or consistent with Plaintiff's recent physical examination findings. Doc. [8] at 27. Specifically, the ALJ concluded that recent medical findings showed Plaintiff with only mild tenderness in the lower cervical region and lower lumbar region and was otherwise normal with a normal gait and ability to stand without difficulty. *Ibid.* In reaching this conclusion, the ALJ cited to Exhibit 21F/26, from Dr. Eric Pearson's December 2019 examination, which the ALJ reviewed in considerable detail, *see id.* at 25, and which corroborated the ALJ's finding. *Id.* at 860. Based on the foregoing, the undersigned finds that the ALJ adequately evaluated the persuasiveness of Roberts' opinion.

The ALJ also considered Dr. Taylor's opinion but found it not persuasive, because his treatment notes did not support the extent of limitations contained in his opinion. *Id.* at 27. The ALJ cited specifically to Dr. Taylor's treatment notes, which he recited in considerable detail. *Id.* at 22. For example, the ALJ noted that Plaintiff consistently had excellent responses to steroid trials. *Id.* at 22, 359. In addition, the ALJ found that Dr. Taylor's opinion was not consistent with Plaintiff's more recent physical examination findings. *Id.* at 22. Again, the ALJ

cited to Exhibit 21F/26, which showed Plaintiff had only mild tenderness in the lower cervical and lumbar region and was otherwise normal with a normal gait and ability to stand without difficulty. *Ibid.* Although not discussed in the persuasiveness analysis itself, the ALJ's decision included a detailed discussion of Exhibit 21F/26, wherein Dr. Eric Pearson noted that Plaintiff gave an overall pain rating of 3/10; normal range of motion in his cervical and lumbar spine; normal paraspinal muscle tone and strength, with no trigger points; negative straight leg test; normal examination of upper and lower extremities; and normal neurologic examination. *Id.* at 24-25, 860. These December 2019 examination findings were essentially consistent with Dr. Pearson's September 2019 treatment notes and examination findings, which the ALJ also explored in detail in his decision. *Id.* at 23, 839-41. Based on the foregoing, the undersigned finds that ALJ adequately evaluated the persuasiveness of Dr. Taylor's medical opinion.

Ultimately, the ALJ found that Plaintiff can perform light work. In reaching this conclusion, the ALJ found persuasive and relied on the opinion of Dr. Cherylin Hebert. *Id.* at 27. Dr. Hebert specifically opined that Plaintiff is limited to light work. *Id.* at 98. Plaintiff does not challenge the ALJ's persuasiveness evaluation as it relates to Dr. Hebert. Dr. Hebert's opinion constitutes substantial evidence in support of the ALJ's RFC determination.

**Fibromyalgia**

Plaintiff asserts that the ALJ erred at Step 2 in not finding fibromyalgia to be a severe impairment. Plaintiff points to medical evidence suggesting that Plaintiff meets the criteria for fibromyalgia. Conversely, the Commissioner points to medical evidence suggesting that Plaintiff did not meet the criteria for fibromyalgia.

The ALJ concluded at Step 2 that fibromyalgia is not a medically determinable impairment. Doc. [8] at 18. However, the ALJ found that Plaintiff did have a severe impairment

of inflammatory arthritis with residual neck, back, and shoulder pain. *Id.* at 17. Thus, Plaintiff prevailed at Step 2 of the five-step evaluation process; and the process continued to the later steps of the analysis. Thus, any error in not finding fibromyalgia to be a severe impairment would be harmless. *See Herrera v. Comm'r,* 406 Fed. Appx. 899, 903 (5th Cir. 2010) (per curiam) (holding that the ALJ's failure to assess the severity of a claimant's impairments at step two is not a basis for remand where the ALJ proceeds beyond step two and determines that a claimant, despite severe impairments, retained the RFC to do other work).

Regardless, substantial evidence supports the ALJ's finding that fibromyalgia is not a severe impairment. As noted by the ALJ, Dr. Muhammad Ijaz gave a likely diagnosis of fibromyalgia with a differential diagnosis of inflammatory arthritis.[1] Doc. [8] at 21, 293. In other words, Dr. Ijaz was looking at fibromyalgia and inflammatory arthritis as possible sources of similar symptoms; however, Dr. Ijaz felt that fibromyalgia was the "most likely diagnosis", with "inflammatory/connective tissue disease in the differential". *Id*. at 293. Plaintiff was prescribed a steroid, Medrol Dosepak, which significantly helped with his symptoms. *Id.* at 289. Dr. Rahul Vohra later noted, and the ALJ cited to the fact, that Plaintiff's presentation for fibromyalgia was atypical because Plaintiff related complete resolution of his pain with oral steroids. *Id.* at 21, 267. Dr. Pearson opined that Plaintiff may have a small component of fibromyalgia, but most of his pain was explained by pathology in the cervical and lumbar spine. *Id.* at 23, 837. Based on the foregoing, the ALJ's finding of no severe impairment regarding fibromyalgia is supported by substantial evidence.

When formulating Plaintiff's RFC, the ALJ indicated he "considered all [Plaintiff's] symptoms". *Id.* at 19. As noted by the ALJ, Plaintiff alleged he could not work due to

---

[1] "Differential diagnosis", as defined by Merriam-Webster, is "the distinguishing of a disease or condition from others presenting with similar signs and symptoms."

fibromyalgia *and* arthritis, with pain issuing from the base of his skull, down to his neck, shoulders, and elbows; as well as lower back pain. *Id.* at 20. The ALJ found Plaintiff suffered from the severe impairment of inflammatory arthritis and residual neck, back, and shoulder pain. *Id.* at 17. The ALJ then accounted for Plaintiff's allegations of pain when assigning an RFC.

In his testimony at the hearing, Plaintiff described the pain symptoms from arthritis and fibromyalgia as emanating from both.[2] *Id.* at 67. When asked whether fibromyalgia or rheumatoid arthritis is the most problematic condition, Plaintiff testified "I would have to say they play together hand in hand." *Ibid.* He testified that both conditions caused pain from his skull, down his neck, and into his shoulders, elbows, and back. *Id.* at 68. Plaintiff's attorney later re-stated Plaintiff's testimony as follows: "it's tough to tell where fibromyalgia leaves off and rheumatoid arthritis picks up and vice versa." Doc. [8] at 70. Although rejecting fibromyalgia as a severe impairment, the ALJ nevertheless found residual neck, back, and shoulder pain to be a severe impairment. Given that the ALJ assigned limitations based on Plaintiff's inflammatory arthritis and residual pain and given that the symptoms of the two conditions appear to be indistinguishable by Plaintiff's own account, any error regarding the severity analysis would be harmless. *See Boothe v. Colvin*, No. 3:12–CV–5127–D, 2013 WL 3809689, at *5 (N.D.Tex. July 23, 2013) ("assuming arguendo that the ALJ erred by not finding based on [a doctor's] diagnoses that [the claimant's] impairments are severe, the error is harmless because the ALJ considered these conditions in the RFC analysis."); *Reliford v. Colvin*, No. H–12–1850, 2013 WL 1787650, at *13 (S.D.Tex. Apr.25, 2013) ("[E]ven if the ALJ's failure to

---

[2] In his opening brief, Plaintiff did not point to any symptoms of fibromyalgia that are separate and distinct from inflammatory arthritis. In his reply brief, however, he identifies a single self-reported instance of intermittent brain fog and memory difficulties related to fibromyalgia. The ALJ recited this report in his RFC evaluation; and, as previously noted, the ALJ indicated that he "considered all symptoms" as part of his RFC evaluation (at 19).

make a specific severity finding with regard to foot pain was error, it was harmless because he considered related limitations at subsequent steps of the disability analysis.").

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be affirmed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 12th day of January 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE